All rise for the General Conference. Please be seated. Madam Clerk, please call the roll. 3-16-0227 Rita Pagliasacchi v. Wooden-Zagorski All rise for the General Conference. Go ahead. Good afternoon, Justices. Madam Clerk, if you wouldn't mind telling me when there is too much left. May it please the Court and Counsel. Your Honor, the issue before you today is a rather simple one, and that is whether or not grounds existed as a matter of law with undisputed facts to remove my client, Monica Wooden, as the named and acting trustee of her father's trust. The trial court was presented with a motion for partial summary judgment and a memorandum of undisputed facts by the movement of plaintiff in the case. And the specific grounds alluded to in the motion and also in the statement of undisputed facts. Maybe we cut the chase a little bit. If I understand right, it's your position that these were issues raised in a probate manner and not relevant to the trust estate? That is one of the issues, exactly. Wasn't it a will, a pour-over will? It was a pour-over will, but the assets had not been poured over. Well, doesn't by operation of law, the minute the decedent reaches room temperature, don't they boom, belong to the estate? To the estate, yes, but not the trust. And there is a pending estate. There's a probate proceeding, and by operation of law, anything that was in the decedent's name at the time of his death is a probate asset, anything that has any value at all. But they will pour them over into the trust. They will pour them over into the trust, but they hadn't yet. Well, isn't that the purpose of a pour-over will, to avoid probate? It is. If Your Honor might allow me, there's a Supreme Court matter called In Re Caravitas, which is 2013-0-115-767, and in that case, it was a disciplinary proceeding, but it was mentioned by the Supreme Court. We also note that the assertion that estate assets somehow automatically become trust principal upon the death of the testator, who has created an unfunded trust that is to be funded by a pour-over will, is unsupported by any citation to authority. There was a pending probate. There was an accounting done, multiple accountings done in the probate, as to which objections continue to pen. At the time that this very motion to remove was considered, and the very basis asserted now at the time of the motion for partial summary judgment as grounds to remove my client as the trustee involved the very issues being brought up in front of the probate court, which is disposition of personal property at the time of death, tangible personal property, and therefore those were before the probate court had not yet been ruled upon. Well, this was not an unfunded trust, was it? The trust had, wasn't there real estate in the trust? There was real estate that was in the trust by deed. It had been deeded into the trust during the lifetime. Personal property, there was no evidence of any assignment of the personal property into his trust, even though the trust had been amended in January of the month. As a matter of fact, today we are four years to the date of death of our testator. But earlier in January of that same year, he amended his trust for the last time, but it had been around for years before that, and he never assigned any of that personal property into his trust. His wife had died three months before him, and then he died. So as I mentioned with this carabiners case, it was being asserted that where there is a will with quarrel for provisions, somehow automatically assets that stand in the name or are attributable to the decedent's name at the time of his death automatically are in the trust. They're not. They have to be transferred. If you look at the Wiley v. Bushnell case, it talks about the probate escape itself typically needs to be concluded and then assets pour over into the trust. Here the probate escape was still pending. So what you're saying is a pour-over will will not avoid probate. Oh, no. Not at all. And that's why you have pour-over wills, so that anything that's not already in the name of the trust, by means of that will, will get transferred into the trust. The trust is in probate law, is another taker of the state assets at the conclusion of the probate. As a matter of fact, the only taker. In fact, it's actually listed as the… The only legatee.  So the probate escape is, as a matter of fact, well, I don't want to get into things that have been said in probate, but… Well, as a simple matter, what are the actions that led to the removal of the trustee from the existing trust? Because it was an established trust, by the way. Yes. And your client was the trustee of that established trust, correct? Yes. Okay. There was a complaint filed four and a half months after the death accusing my client of converting the real estate, essentially living in the real estate, and seeking a partition of the real estate. In that original complaint, the lines were blurred between estate and trust. As a matter of fact, it was asserted that even though the property itself is… It was asserted that the property was titled in the name of the estate in the original complaint. By the time of the Second Amendment complaint, that was abandoned because it was clear that there was a deed into the trust during the lifetime of the trustor. So we have a trust corpus, which is real estate. Right. And only real estate. Pardon? And not the contents. Real estate. Correct. And the trustee is the trustee over the trust corpus. True. The power is delegated in the trust entity. Yes. So by the time of the Second Amendment complaint, which is what was pending at the time of this ruling, it had been alleged that there were insufficient accountings and that she should be assessed with rent for residing in the… She was a resident of Florida, the state of Florida, even though she spent a lot of time in Illinois. So she would travel back and forth, and it was alleged that when she stayed in Illinois and stayed on the property, that she should be charged rent for the time that she stayed on the property. So those were alleged. The grounds for removal in the motion for partial summary judgment here were, if you look at precisely what was alleged, it's the personal property, which is what was before the probate court. Counsel's father, Robert Held, on the date of the ruling, said, among other things, my client has been over three years since the decedent died, has not received anything from the estate of the trust, including the personal property that was specifically bequeathed. None of that is disputed, and therefore partial summary judgment, solely on the issue of liability, damages to be determined later, should be granted. The fiduciary should be held liable for having breached their fiduciary duty to administer the terms of the trust, specifically to have distributed the personal property, because she either threw it away or kept it for herself. And when you look at the statement of undisputed facts, that's what it's all about. The personal property is not before the trust. I've cited a case where the trustee or the administrator of an estate, the estate of Shirley Liss, was accused of breaching her fiduciary duty by, and this was undisputed too, she had allowed her counsel to execute documents that permitted an ERISA trust to be transferred to her father, rather than to have it transferred into the probate estate. And the heirs of the probate estate said, that's a breach. And the trial court, based upon deposition testimony that said, the Harris Bank being the administrator of this pension fund, that under no circumstance would they have ever paid out to the executor or the administrator of the estate. We choose who it should go to, based upon our own personal ERISA considerations. So under no circumstance would it ever go to the estate. Trial court agreed that that meant that these assets were never going to become probate assets, and therefore she did not breach her fiduciary duty in permitting her attorneys to make sure that that property got transferred to her father outright. And the appellate court agreed. If it's a matter that's outside the realm of probate administration, even though there is a fiduciary duty existing between the executor or administrator and the heirs of law, if the activity doesn't enter that realm, then it's not a breach and it cannot be a breach of fiduciary duty. In this case, we're talking about personal property that was disposed of and continued to be the subject, as I mentioned, of argument in the probate court. The very same arguments that were made as a basis for removing her as trustee here were made in front of the probate court and have yet to be ruled upon. So just looking, a plain reading of the motion, a plain reading of the statement of undisputed facts, a plain reading of the transcript before the trial court indicates that clearly this was the basis, the basis, for removing her as trustee. And if this court agrees with me that a person who is a trustee engaged in conduct that does not pertain to her trust, the realm of her trust fiduciary duties towards the beneficiaries of the trust, if those matters don't pertain, but the trial court removes her on the basis of her conduct in those areas, then it's wrongful. Let me ask you this. So take the situation, you've got a trustee here appointed, and they bring in evidence. Let's say this trustee has been convicted of robbing two other estates. Right. Hasn't had a chance to rob this one yet, but they've been stealing and it shows no moral character and they're just not an honest person. They've been convicted. Same argument? Well, hadn't done anything on this estate, so you can't remove her? Well, first of all, you can't consider character evidence, which that would be character evidence. You get a clean slate as trustee of a trust. That does not get considered properly by the trial court in determining whether or not grounds exist to remove the person as trustee. You get a fresh start. I'm sorry? You get a fresh start. Well, you get a fresh start. And, you know, when all this – They had all this example. You get a fresh start. So it doesn't make any difference. Right, right. If there is evidence within the case before the court that the person has engaged in that kind of behavior involving this trust, then I certainly would make the argument that the other – through depositions and so on. Well, the house is in the trust. Yes. Okay. She hadn't sold the house. Right. Why not? She had listed it – Well, I should say she had put it on Craigslist first and wasn't getting any offers. As a matter of fact, she never got any offers. She ultimately, in November of 2014, had put it on the MLS. As a for sale by owner? Yeah, basically. Right. So who's going to show – she's in Florida. Well, she was making trips back and forth in one of the – How's she going to show the house? She was here a lot. She was here a lot. And so – and she had engaged in all kinds of efforts to make the house better. There was – there were things that came out in the accounting relating to refurbishing of the house. There was a rodent problem in the house. There was a problem with the furnace. There were other things that – there were problems. She lived in the house part of the time. Part of the time, right. So the trust paid for electricity. The trust did, but it would have to pay for that anyway. In order to show the house, you have to have electricity on and working. So – Law and care. Law and care, right. You've got to have – in order to show it, it's got to be in proper shape to – She'd be in breach of the – Too much. She'd be in breach of fiduciary duties if she didn't do that? If she had not, yes, she would be. Yeah. Yeah. So I see that – So what about the McDonald's and all those kinds of things? Your Honor, that – The meat bowl department. Those things were not part of the Statement of Undisputed Facts. And, by the way, though asserted by Mr. Held in front of the trial court, Ms. Moroney, who was my predecessor counsel in the case, pointed out that all those personal – allegedly personal charges that were improper showed up in the probate accounting, not the trust accounting. And so – and that's unrebutted. So those issues – those don't give rise to issues from her accounting in any way as grounds to remove her. I just wanted to point out that in the Wiley v. Bushnell case, the overriding theme is – and this is on page 115, Northeast 627 – the power of removal of a trustee appointed by deed or will ought to be exercised sparingly by the courts. There must be clear necessity for interference to save the trust property. Mere error or even breach of trust may not be sufficient. There must be such misconduct as to show wanton capacity or fidelity, putting the trust in jeopardy. It goes on to say, it is only in case of real or threatened diversion of trust funds or property or mismanagement, incompetence, or dishonesty that the court may interfere to remove the regularly appointed trustee. It must be such as to endanger the trust property. There was no basis for saying that here. By not – as I understand it, the house, for example, is appraised at $306,000. Yes. She's listed it for sale by an owner for $350,000. And during the time this house is sitting there, she's paying all these utilities, the trust is, real estate taxes and everything like that. And so the trust was – why isn't the failure to take a reasonable course, hire a realtor, enlist the house, not – it seems to me it's diminishing the trust value by all these ongoing expenses by taking a more reasonable effort to sell the place. Your Honor, those were brought up at the trial that took place in August, which is about five months after the determination to remove her occurred. Those things came up then. Those were not cited as a basis for removal of her as trustee. Well, I think we review a judge's judgment disorder, not his reasoning, but I'm just – Right. But I'm saying that those are not undisputed facts. As a matter of fact, the attachment in support of the motion for personal assembly judgment included her probate testimony. Not her deposition in the trust or the chancellor's case, but the probate testimony where she addressed many of those issues. You know, why she didn't make contact with the sisters, but she had. And even if you don't believe her, it's still an issue of fact. Why she – what she did with the personal property, the issues relating to being in the house, all came out in that probate citation testimony, and it was before this court, the trial court, at the time of deciding to remove her. There was no finding by the trial court of an endangerment of the trust property. There was no finding of gross negligence on the part of the trustee. And those are the standards that are to be adhered to. Otherwise, the court is supposed to exercise its power to remove Spearing. Thank you. Thank you very much. Thank you. Thank you, counsel. Counsel, you may proceed. May it please the court, opposing counsel. Counsel, before I begin, I would like to – What do you say about your opponent's argument that these are two different continents, estate and trust, and can't have any overlap between them? Well, that argument actually cuts against him because the failure to distribute the personal property and everything that was in the estate, which is, as it's been noted, a poor of a will, the failure to distribute that stuff into the trust is itself a breach. She's holding stuff partly in the estate, partly in the trust, not doing any administration whatsoever, charging the trust bills that added up to a significant amount, over $50,000 by the end of it, at least by the end of her trust administration, for accomplishing virtually no administration whatsoever, lest alone just simply following the terms of the will and transferring assets into the trust. Well, how many lawsuits have we got going? There's a complaint in the Chancery Division in the trust case. Yeah. Okay. What about the probate? There's an open probate estate as well. Well, has there been any action to remove her in the probate estate? Yes, there has. The probate estate is where you administer assets. Yes. Well, there was assets in the trust as well. That's the trustee. They were already there by deed. Well, no, there was cash and other accounts in the trust as well, which she was spending. And the trust accountings, if you review them, they're in the record, at least the first and the second amended accountings are in the record on appeal. So in this case, it showed that there was cash that was being expended by the trustee. Justice Carter made reference to the McDonald's and the Walmart, and I'll get to that in a moment. But what I wanted to begin with was that yesterday I received an order from the trial court, which was a judgment in the trial. So we filed a motion, two motions actually, in this appeal, one of which was to dismiss the appeal as moved. Appellant's response was, well, sure, we've had a trial in the trial court, but there's been no judgment. Now there's been a judgment. And I don't know if this is proper, but to the extent I can do it, I would move to supplement the record in this appeal with that judgment. And the judgment, the importance of the judgment is that it affirms the findings of breach that occurred in the trial court. Sorry, as to the, well, what he's made reference to is a motion for summary judgment, and I'd like to get to that in a moment as well. But the motion to dismiss, as I said, was to be taken up on appeal, with the appeal. So there's an appeal of an interim order, an interlocutory order, which has now, I believe, been merged into the final judgment. We've had a trial on this issue, and there's been findings by the trial court. There's a judgment order. So I'm happy to pause, you know, to end now, if Your Honor's agree with me, or I can continue on with the rest of the argument. We had a confliction in the briefs as to the standard of review in this court. Counsel, and he has focused his argument before this panel on the motion for summary judgment. If you look at the order which he's appealing from, the order that he's appealing from lists, there were three motions up before the trial court, one of which was a petition to remove, another, which he focused primarily on, was a motion for summary judgment, and there were objections to the accounting. There were three different line items in that trial court order, one of which granted the petition to remove, the other of which, one of the others, granted the motion for summary judgment. So when he's referring to things that were before the trial court that were attached to the motion for summary judgment, that is deliberately excluding what was in the petition to remove, which included arguments about her staying in the house, her rent-free and paying utilities out of the trust, and included other things that were not related to the motion for summary judgment. The motion for summary judgment was a motion for partial summary judgment to determine that the trustee had breached, the appellant had breached her fiduciary duties for all those reasons, but the petition to remove was a separate filing, a separate pleading, which was granted in a separate portion of that order. The only reason that the motion for summary judgment is in that same order is because they both happened to be before the court on that day. There are some expenditures, though, that have to be, that are normal when you're administering a state or the executor and also perhaps a trust. Absolutely. Even if you're not living there, you have to maintain... Even if she's not living there, right, the electricity has to be on. I'm not going to argue that we should turn the electricity on. There are some things that are making for some things, arguably, aren't they? Right. But what the trial court found as a basis for her removal, which if you read the record of proceedings on page 13, he said, all I can see here is that it says Walmart. There's no explanation for it. I don't know what it's for, and I'm going to grant the petition to remove. So if you just look at the trial court's own words when making that ruling and what the argument was at that time when you read through the transcript, he's not talking about the personal property, although that is an issue, the fact that it wasn't transferred into the trust, the fact that the beneficiaries had not received a single piece of it, the fact that she unilaterally decided to dispose of it or keep it for herself, which is what she said actually at the trial. But the issue that was before the trial court was that it had been two years since the decedent died. There were no accountants for two years. The accountants that were filed were unsigned, unverified, didn't comply with a multitude of the local rules of Will County, and they showed expenses like Walmart, McDonald's, Target, and things like that, which to the trial court had no relationship or no necessity toward the administration of a trust. Now the argument from your point is that all that should be in the probate. Well, it wasn't in the probate. It's in the trust accounting. It's in her accounting that was filed in the trust case. She's expending trust assets. There was a trust bank account, and she's expending trust assets as to, you know, paying for things like McDonald's, things at Walmart for which we have no receipt, things at Target for which we have no receipt, gasoline, and all these. Now I will agree with them. There was significantly more self-dealing and theft out of the estate assets. There was many, many more thousands of dollars being paid out of the estate accounts for nail care, her mortgage for her home in Florida, maintenance for the pool in her home in Florida, and all sorts of other things which were actually in this record. We filed a motion to supplement the record just for a separate point, but if you look at those accountings, the estate accountings, there is a majority of the theft going on in the estate. However, the trial court saw that some of these things were being expended out of trust bank accounts, which is before the chance report, and was a basis for her removal. As your honors know, the trial court can be affirmed for any basis on the record. The insufficient accountings and noncompliant accountings are one basis. The ended up being almost a four-year stay in the house without paying any rent to the trust, and while the trust is paying all of, well, both necessary utilities to keep the house upkept and also utilities that are being used while she's living there. If she's not living there and the electricity is on, the lights are on when you need them to be on, but during a showing or something like that, but when she's living there and she's got the lights on and she's got the heat on and she's got the cable on and there was charges for internet service and cable service that are in the trust accountings being paid out of the trust, those are things that are not necessary for the administration of a trust, and I think the trial court saw that, and that's part of the reason why she was removed. Do you have a separate action in chancery for the removal of the defendant as trustee? There was a petition to remove. She's already been removed in the, are you referring to the estate? That's the problem with this whole case. It seems to be like put into a blender here. What is actually under appeal here? Well, if you look at the docketing statement, the docketing statement says, it's on the second page, whether it was an abuse of discretion for the trial court to have removed the appellant as trustee. So that is what's before the court. The motion for a summary judgment is not before the court. Anything going on in the estate case is not before the court. What's before the court is the order that removed her as trustee and whether that was an abuse of discretion. And that brought this into a petition? Yes, a petition to remove, which is in this record. Is it separate filing outside of the estate probate action? Absolutely. It's separate judge, separate, in fact, an entirely separate courthouse. So like Gleek House? Not yet, but it's getting there. I'm familiar with Gleek House. So the trial court's looking at, there's multiple motions to compel an accounting. For two years, there hasn't been one filed. And there were actually orders compelling the appellant to file an accounting. She didn't do it. There was a rule to show cause was sought. And then finally she files an accounting that was so insufficient, and if you look at the record at 234, the judge actually ordered her to file an amended accounting. And even the amended accounting, after all this time and all these attempts and all this Dickensian proceedings going on trying to get the trustee to do something or show something, we see an accounting that's got expenditures out of the trust account. And this is not out of the estate, out of the trust account, out of trust bank accounts where she's buying McDonald's, Walmart, Target, and retail shopping and things like that. You know, not transferring, you know, after the death, not transferring the assets from the estate to the trust as a breach of fiduciary duty, that's a breach of her fiduciary duty in the estate, right? I suppose so. But the actions that occurred... She had a fiduciary duty in the estate to do something. What's her position in the estate? What do you mean by her position? She's executor, if that's what you're asking. Right. Okay. And she has fiduciary duties and obligations and can be removed for the breach of those inside the estate from a breaching of duties during the administration of the estate. Like I said, she's breached her duties as to both the probate assets... No, that isn't before us. Right, but... So why don't we stick to the evidence and the action that apparently is on her appeal? What's before you was the petition to remove, and whether that was an abuse of discretion... To remove, I think, yeah, I'd be very specific, to remove... To remove the trustee. Yeah, because a petition to remove can be when inside an estate actions do. It could also be, yes. But this petition of this, this order that's being appealed was an order that removed appellant as trustee of this trust. So, as to the point that Justice Oakley was talking to you about, ask her position as the trustee of the trust. She was removed from that position from the trial court, ostensibly based on a breach of fiduciary duties. So what were the breach of fiduciary duties? Don't consider anything from the estate. Just narrow it down to the trust. What were the evidence of the breaches from, as a trustee of the trust, from the trust? That she had spent money out of the trust accounts for her own personal benefit, not benefiting the trust. Also that she was using the trust's main asset, the house, as her second home or as her primary residence. She was living in it. She refused to move out. She refused to pay rent to the trust. She was charging all her personal expenses to trust bank accounts. The utilities, like Your Honor has mentioned, were being paid out of the trust accounts. And these are utilities that she's using personally because she's living there. Thank you. Is there anything else that's from the trust that you want to mention? Well, let me ask you this. If a trustee knows that there's property sitting somewhere, wherever it might be, whether it be in probate or sitting in somebody's backyard that belongs to the trust, does the trustee have a fiduciary duty to get it into the trust and claim it, take possession of it? Absolutely. A trustee or any fiduciary has an obligation to marshal assets of the trust. But the house was already in the trust. If that's where you're going with that, the house was already in the trust. There was no need to marshal it. What could have happened, or she could have rented it out to somebody else, which would have brought income into the trust and not enriched herself at the expense of the trust. She could have sold it in a reasonable manner, which didn't happen, and the trial court was aware of that. And actually, it's made reference to in the final order that the house didn't sell for three and a half years. And after she was removed, it sold. There was a signed contract, I believe, within one month of the new trustee taking over. Would you take the position that the trust instrument, which required an annual accounting to the beneficiaries of the trust, was not done? Yes or no? The accounting was not done. Okay. Would that be sufficient in and of itself to bring an action to remove the trustee? Yes. A trustee can be removed for breach, for negligence. Was that in dispute that that was not done? Was it in dispute that there was no petition to remove? No. No accounting. Was it being argued that she had not accounted? Correct. Yes. Okay. And the evidence was there was no annual accounting that was sent to the beneficiaries of the trust, the adult beneficiaries. There was no accounting whatsoever within two years, and the accounting that came after two years… It doesn't matter. There was no annual accounting. Correct. Okay. So you say that rises to a breach. Among other things… Justification for removal, if that was the only accusation. Breach of trust absolutely is a grounds for removal of a trustee. Okay. I just want to reiterate that the standard of review that's being urged before this Court is the de novo standard, which would be correct if we were reviewing the motion for summary judgment, which we are not. And counsel said that the motion for summary judgment was what resulted in her removal. The motion for summary judgment was not – the relief sought in that motion was not removal. The petition to remove was a separate motion. And if you look at the record, the motion for summary judgment isn't in the record. And I can give you a site if you're paging through looking for it right now, but that motion did not seek her removal. So… The motion you made in the chapter report, or the complaint you made in the chapter report, referred to both the estate and the trust, right? The servants and the government? It was, like Justice Holdren said, it was not clear where assets were or where they should be. And the appellant was playing what I call a shell game, which is any time you complain about something, it was in the other form. When you complained in the estate, it was in the trust. And that was the way the complaint was drafted, yes. So the second amendment complaint, which was an underlying basis for the summary judgment, right? Right. Okay. That complaint referred to both the estate and the trust, but it was only filed in the trust case. There were separate actions being filed in the estate case, but yes, that complaint was in the chancery case, yes. Okay. And what was the prayer for relief in that complaint? In the complaint? Yes, in the trust case. Is that what you're just telling me? Yeah. What came before us? There were two counts, one of which was to receive an accounting. The other was for breach of fiduciary duty. So the prayer for relief was that the trustee be ordered to pay back into the trust the damages that she had caused to the trust. Wouldn't the prayer for relief be removal? That's what you're trying to tell us? I don't remember if the complaint – off the top of my head, I don't remember if the complaint has – It says removing monetized executor and trustee. Okay. So it did seek removal as trustee. Arguably, courts are controlled by complaints. Okay. All right. Thank you. Thank you. Counsel, you may proceed. Just to address a couple things. The order that was entered from which this appeal was taken states right in the first paragraph, for the reasons in the record, the motion for summary judgment is granted, and the defendant is found to have breached her fiduciary duty. Well, but there was no judgment entered on that, right? I mean, there was no damages assessed. No damages, because – And that's not a final order. The only order appealable here is the removal. Right. Well, that's what they're saying here. In other words, breach of fiduciary duty is grounds for removal of her as trustee. Okay. But so we're clear, the only thing appealable in this appeal is the order removing your client as trustee. Exactly. Right. And everything else that got mentioned about the accountings and the spending on McDonald's and Walmart and all this other stuff, there was not a trial. All of that stuff was disputed. My clients, they attached to their documentation in support of their motion for summary judgment, not only a statement of undisputed fact, but also my client's testimony from the probate citation, where she was asked all about all of those issues. So even if you think that she's a bad person, the issues are still disputed, because she, under oath, submitted to the court. The court is not, at the point of summary judgment, obviously, supposed to rule on who's right. Who, when was the first accounting that got into trust? I think, let's see, do I have the, the first one I'm not sure, Your Honor. What I do know is that there were amended accountings filed. Well, by the very plain terms of the trust instrument, it should have been within one year of her assuming trusteeship as a successor due to the death of a settler. Well, you know, it's interesting because- Wouldn't that be reasonable? Yes. Okay. Within the complaint, the initial complaint that was filed, and the argument made in support of this motion, it's alleged that they complained that they had to write letters, emails, and bring motions finally to get an accounting. Their complaint was filed four and a half months after the death. The last time that they say that they complained about the failure to provide an accounting is 13 months into trust administration, and that is under the probate act, the time when an accounting is first due 13 months after administration begins. Well, yeah, but why are we going over the probate act? I'm just saying that for reference, she was not doing anything, there was no egregious violation here. But even if you can ensure- Well, she has two halves, two obligations. One under the probate act, one under the trustee act, but superseded or supplemented by the instrument of trust. Yes. And it says within one year. Well, it says yearly, annually. Yes, it does. Now, when she did file her accountings, the first of which is in the record, I don't know what the date was of doing that. The first time that there was funds placed into the trust came from the probate estate. The counsel's right. The decision had accounts and so on that were in the probate estate, and from time to time she as the executive would pay over into the trust and open a bank account. The first time was in September of 2013. The first time that any money came into this trust was in September of 2013, eight months after the death. Otherwise, there was just real estate in the trust. So any accounting really should begin with the first funding of the trust. But the point is, my point is, all of this stuff about how she, you know, these egregious violations and this unlimited spending and so on and, you know, embezzlement and everything else is arguments. It's not they have the obligation to show the record is devoid of disputed facts so as to justify her removal. It's devoid of disputed facts. No, we're not here on a motion for summary. We are here. We're here on a petition. There was a document entitled Petition to Remove, right? Well, I know there was a petition filed. Yes or no? There was a petition filed. Okay, to remove as? To remove her as trustee. Okay. I think that was. So in the standard review on the trial judge's decision to remove a trustee is it use of discretion? Is it not? Your Honor, we're not here on the petition to remove. The petition to remove was pending. What brought this before this court and what got her removed was the entry of summary judgment. Summary judgment. It's a different standard. But the summary judgment, the only effective part of the summary judgment, the effective here, because on all other issues, the remote, it's interlocutory because it's not a final order because they're asking for money damages, too, and there haven't been any assessed. So that's not an interlocutory order. So after hearing all of this, looking at the pleadings and whatever happened at some stage of the game, the judge entered an order and removed your client as trustee, correct? Correct. And that is the only thing that is appealable here in an interlocutory fashion. And so my question to you is, is the standard of review of a trial judge's decision to remove a trustee abuse of discretion? It's not. And here's why. Thank you. There was no trial. There was no trial. This wasn't a motion for judgment of the pleadings. What was pending was a motion for partial summary judgment. The motion for partial summary judgment was what my predecessor counsel responded to in opposition to what happened here. And so there hadn't been no trial. I'm sorry? No, he was the first counsel, and then somebody from Tim Rathlin's office, and then Michelle Marrone was the third. Okay, partial summary judgment as to what? As to whether she should be removed. Okay. Yes. Partial summary judgment. What's the state of the record in the undisputed facts that go to that issue? Well, first of all, they had a statement of undisputed facts in their motion, okay? And then they make reference within their motion for partial summary judgment to a record. And the record included my client's testimony at her citation examination in the probate. Throughout that, and I quoted in the reply brief, she has asked all kinds of questions about her conduct, her administration of the trust, and of the personal property, which, as I say, has no bearing. Yes. Right. But even if you believe that there is a set of undisputed facts, if reasonable-minded persons can differ on the inferences to be drawn from those undisputed facts, then you still don't have a grounds for summary judgment. There was no, and counsel said nothing, about whether or not she endangered the trust and whether the trial court made any finding that she endangered the trust. You have to do that. The Wiley v. Bushnell case says in order to remove somebody as trustee, there has to be some threat to the trust assets. There was never a finding that there was a threat to the trust assets. There was none. Absolutely. Thank you very much. I respectfully ask. What were all the fees that were paid to Mr. Aschak for? Those were entirely within the probate, not in the trust at all. How does that come up, I wonder? Because he got sued for those fees separately in Cook County, of all things. So I'm not sure what the context is for that. Well, it's for the allocations and some of the motions that came from the trust account. None of it came. And you know what, there was no, the accountings that are attached in the record show no payment of attorney's fees to anybody but Mr. Rathbun's office, but it also shows that Mr. Rathbun returns those fees and it's in the accounting. I'm not sure quite how to handle the whole thing about the judge did rule last Friday on the underlying trial. To my way of thinking, that has nothing to do with whether she was properly removed. And in order to finish trust administration, she should be made trustee again because there wasn't a proper basis for removing her in the first place. There's a probate escape. That should be finished. Pay over to the trust. Distribute in accordance with the terms of the court's order. And so that ruling that happened on Friday has no bearing. Well, what we feel, and Justice Schneider has pointed it out, we've got this, and Justice Woodbridge also, is we have a very narrow appeal here. Yes. And we don't have any other motions or things. There was no joint or some other appeal. All we have is the appeal of the removal. And the court order dated February 22, 2016. I would just urge the panel to remember that there was no trial. So we can't just enter a rule. The only basis for a rule is based on the interlocutory order. On a motion or a petition to remove the trustees, does there have to be a trial? Yes. I mean, unless it's undisputed fact. And here it's not. It's just not. How disputed is it that accounting wasn't filed? No, accountings were filed. There's so many things that were said that were inaccurate. When? During the course. Within the time frame set up by the trust? Well, in other words, before the court ruled. There had been accountings, there had been accountings, and then amended accountings. Within the time period set up by the trust? I don't think so. So, but again, I thank you very much. That's the court's. Thank you. Thank you for your time. The court will take this matter under advisement and render a decision promptly. And we will pursue a counter dispute petition. Thank you for your patience.      Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.